THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD GHEE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 9, 1971, convicting him of two counts of attempted murder, attempted robbery in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed on the law and a new trial ordered. The findings of fact are affirmed. After the *Wade* hearing, the court ruled that the photo identification of the appellant by Transit Patrolman Ray was improper and inadmissible in evidence at the trial. However, it refused to make a finding as to whether or not such improper identification poisoned Ray's subsequent in-court identification of the appellant. Instead, the court stated that it would let the jury pass on the issue of a purported tainted pretrial identification. Such procedure is clearly improper and constituted prejudicial and reversible error (*People* v. *Ballott*, 20 N Y 2d 600; *People* v. *Lombardi*, 18 A D 2d 177, affd. 13 N Y 2d 1014). We therefore remit the matter with a direction that before a new trial is held, a new *Wade* hearing should be conducted at which proceeding the court will make the required findings (*People* v. *Hicks*, 40 A D 2d 836; *People* v. *Growich*, 38 A D 2d 733). Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TITUS GORY, Appellant.— Appeal by defendant from an order of the County Court, Westchester County, entered October 27, 1970, which denied his application for a writ of error *coram nobis* without a hearing. Order reversed, on the law, and the matter remitted to the County Court for a hearing consistent with the views expressed in the following memorandum. Defendant was convicted after a jury trial and was sentenced on June 3, 1969, approximately four months after the decision in *People* v. *Montgomery* (24 N Y 2d 130). Defendant's claim in his *coram nobis* application that he was not advised of his right to appeal, raises an issue of fact that should be determined at a hearing. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.